[No. 4140.]

RIVERSIDE RESERVOIR AND LAND COMPANY V. SMYLIE.

NEW TRIAL—*Excessive Damages—Weight of Evidence.* An award of excessive damages not supported by the weight of the evidence vacated.

*Error to Weld District Court.* HON. NEIL F. GRAHAM, Judge.

MR. THOMAS M. MORROW, for plaintiff in error.

MR. JOHN T. JACOBS, for defendant in error.

BELL, Judge.

It appears that defendant in error, plaintiff in the trial court, hereinafter called plaintiff, in the year 1906 owned 250 acres, more or less, of low bottom land lying along the South Platte River in Weld County, Colorado, and some 750 acres, more or less, of sand-hill pasture lands adjoining; that plaintiff in error, defendant in the trial court, hereinafter called defendant, constructed the Riverside Reservoir in close proximity to said bottom land, and impounded a

large body of water therein for irrigation purposes; that about the years 1907 and 1908 the waters from said reservoir so percolated and seeped into and over large portions of said bottom land as to render the same unfit for the production of ordinary crops thereon; and for this injury plaintiff brought this action, alleging, among other things, in her original complaint that

"the waters stored in said Riverside reservoir by defendant have escaped therefrom and seeped, percolated and filtrated through the soil of said reservoir, and have passed to, and in on and over the lands of plaintiff, covering same with said seepage waters so escaping as aforesaid, and seeping and flooding 250 acres of plaintiff's said lands, thereby rendering the same unfit for farming purposes, souring said lands and causing alkili to appear thereon, injuring the improvements thereof, destroying the orchard growing thereon, compelling this plaintiff to construct expensive drainage ditches to remove said seepage waters, and causing a depreciation in the value of said premises in the sum and amount of $12,500.

"That the seeping of said land as aforesaid has also prevented the use of said 250 acres of land by plaintiff for farming purposes for a period of three years to the further damage of plaintiff in the sum and amount of $12,000."

Defendant, in its answer, denies any injury to the premises, and alleges a complete settlement of all matters set up in the complaint. The issues were tried to a jury, and resulted in a verdict in favor of the plaintiff in the sum of $21,750, upon which judgment was accordingly entered.

Plaintiff introduced no evidence whatever in support of the allegation in her complaint, whereby she seeks to recover the sum of $12,000 for a deprivation of the use of said premises for farming purposes for a period of three years, and the verdict of the jury, therefore, awards her $9,250 for a depreciation of the value of the premises in

excess of the *ad damnum* or claim made therefor in the complaint. After the return of the verdict, she asked and obtained leave of court, over the objection of defendant, to amend her complaint so as to conform to the verdict, and alleged the damages as to the market value of the farm at the sum of $21,750.

We think assignment of error number 23, alleging that the damages allowed by the jury are excessive, is well taken; but as the case may be retried, we do not desire to comment upon the evidence, further than to say that it was very indefinite, uncertain and insufficient upon all the issues submitted to the jury; and as the verdict is excessive and not supported by the weight of the evidence, the judgment based thereon is reversed and the case remanded.

*Reversed and remanded.*